IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RICKEY SMITH                                                                                    PLAINTIFF

V.                                                            CIVIL ACTION NO. 4:14CV127-NBB-JMV

LEFLORE COUNTY, MISSISSIPPI,
LEFLORE COUNTY RESTITUTION
CENTER, DERRICK ROSS, COMMANDER
ALLEN LANGDON, In His Individual and
Official Capacities, AND MISSISSIPPI
DEPARTMENT OF CORRECTIONS                                                       DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court on the defendants' motion to dismiss for failure to state a claim and motion to dismiss based on state law immunity, sovereign immunity, and qualified immunity. Upon due consideration of the motions, responses, and applicable authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Rickey Smith, was a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC") and a resident of the Leflore County Restitution Center ("LCRC") at the time the facts giving rise to this lawsuit occurred. The plaintiff alleges that on April 15, 2013, he was a passenger in a bus driven by defendant Derrick Ross when the bus was involved in an accident in the Grenada, Mississippi Wal-Mart parking lot. The plaintiff alleges that as a result of the accident, he suffered two herniated discs in his neck for which he received treatment at the Greenwood Leflore Hospital in Greenwood, Mississippi. According to the plaintiff, after undergoing this treatment, he "was denied and/or

delayed further medical treatment by Defendants County, Restitution Center, and/or MDOC" and as a result sustained injuries.

The plaintiff filed this action in the Circuit Court of Leflore County, Mississippi, on July 22, 2014, and the defendants removed the case to this court on August 27, 2014, based on federal question jurisdiction. The plaintiff asserts claims for violation of his due process and equal protection rights and other civil rights under federal law under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. He further contends that defendants Leflore County (which has been dismissed by agreed order), LCRC, MDOC, and Commander Allen Langdon failed to properly hire, monitor, train, and/or supervise the law enforcement personnel involved. Finally, he asserts claims for negligent and intentional infliction of emotional distress. He seeks compensatory and punitive damages.

## Standard of Review

A defendant's assertion of Eleventh Amendment immunity is a challenge to the court's subject matter jurisdiction and is analyzed under Federal Rule of Civil Procedure 12(b)(1). *See Warnock v. Pecos County, Tex.*, 878 F.3d. 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."). A motion to dismiss which asserts a lack of subject matter jurisdiction can mount either a facial or factual challenge. *Little v. Texas Atty. Gen.*, No. 3:13-CV-3089-D, 2014 WL 5039461, at *1 (N.D. Tex., Oct. 9, 2014) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). When a defendant files a Rule 12(b)(1) motion without including evidence, the challenge is facial. *Id.* "The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it looks only at the sufficiency of the

allegations in the pleading and assumes them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232-33 (5th Cir. 2009).

Analysis

The court must first rule on the defendant's 12(b)(1) motion to dismiss based on Eleventh Amendment immunity because the motion is a challenge to subject matter jurisdiction and, if meritorious, will divest the court of jurisdiction over the plaintiff's claims against the state defendants. *See United States v. Texas Tech University*, 171 F.3d 279, 283 (5th Cir. 1999) (noting that a 12(b)(1) ruling must precede any decisions on other Rule 12 motions). The court finds that MDOC and Langdon in his official capacity[1] (as well as LCRC, discussed *infra*) are indeed protected by Eleventh Amendment immunity. "The Eleventh Amendment bars an

---

[1] "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

3

individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 326 (5th Cir. 2002). Mississippi has not waived its sovereign immunity. *See* Miss. Code Ann. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Sovereign immunity extends to any state agency or entity deemed to be an arm of the state. *Perez*, 307 F.3d at 326. "MDOC is considered an arm of the State of Mississippi" and is immune from suit under the Eleventh Amendment. *Williams v. Miss. Dep't of Corrections*, No. 3:12CV259-CWR-FKB, 2012 WL 2052101, at *1 (S.D. Miss. June 6, 2012). Accordingly, MDOC and Allen Langdon in his official capacity are entitled to Eleventh Amendment immunity.

The court also finds that defendant Leflore County Restitution Center is controlled by MDOC and is an arm of the state and is accordingly afforded the protection of Eleventh Amendment immunity along with MDOC and Langdon in his official capacity. Further, it is not an entity subject to suit and would be dismissed on that ground if not subject to Eleventh Amendment immunity. Prisons, jails, and other correctional facilities are not "persons" for the purposes of suit under Section 1983. *See, e.g., Miley v. Jones County Jail*, No. 2:05CV2072-KS-MTP, 2007 WL 2159334, at *8 (S.D. Miss. July 25, 2007) ("[A] jail is not a legal entity capable of being sued and is not a proper defendant in a Section 1983 lawsuit, as it is not a 'person' within the meaning of that statute.").

The Eleventh Amendment bars not only the adjudication of federal claims against non-consenting state defendants in federal court but also pendent state law claims against such

defendants. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984) (holding that the constitutional bar against hearing federal claims applies to pendent state law claims as well). Divested of jurisdiction as to these pendent state law claims against the state defendants, the court is without authority to make further rulings in that regard but notes for the record that in addition to being immune from suit via the Eleventh Amendment, the state defendants would also be immune from the plaintiff's state law claims pursuant to Miss. Code Ann. § 11-46-9(1)(m), which provides as follows:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

The plaintiff was in the custody of MDOC and a resident at LCRC at the time of the alleged events which form the basis for this suit, and defendants Ross and Langdon were employees of LCRC acting within the course and scope of their employment. The inmate exception to the Mississippi Torts Claims Act's limited waiver of sovereign immunity thus applies and shields the defendants from liability for the plaintiff's state law claims.

The plaintiff argues that the defendants acted with reckless disregard thereby negating the inmate exception. He cites subsection (1)(c) of the same section of the Mississippi Code set forth above, which provides:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

5

> (c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

The plaintiff asserts that because defendant Ross acted with reckless disregard for his safety as a passenger of the bus, the plaintiff's state law claims remain viable. The Mississippi Supreme Court rejected this same argument in *Liggans v. Coahoma County Sheriff's Dep't*, 823 So. 2d 1152 (Miss. 2002). The court gave precedence to the inmate exception and held, "Because a governmental entity, under the MTCA, is immune from all claims arising from claimants who are inmates at the time the claim arises, the 1(c) reckless disregard section does not apply." *Id*. at 1156. The court would therefore find that the plaintiff's state law claims against the governmental entities and defendant Langdon in his official capacity should be dismissed even if Eleventh Amendment immunity did not apply.

The plaintiff also sued defendants Ross and Langdon in their individual capacities. These defendants assert that they are entitled to qualified immunity, and the court agrees. Government officials performing discretionary functions are immune from suit "insofar as their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Fifth Circuit has held:

> In this circuit, the qualified immunity defense involves a shifting burden of proof. Although we sometimes short-handedly refer to only one party's burden, the law is that both bear a burden. The defendant official must initially plead his good faith and establish that he was acting within the scope of his discretionary authority. Once the defendant has done so, the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.

*Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992) (internal citations omitted). The Supreme Court mandated a two-step procedure for determining a defendant's entitlement to qualified immunity in *Saucier v. Katz*, 533 U.S. 194 (2001). The court first determines "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier*, 533 U.S. at 201). If the plaintiff satisfies the first step, "the court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Id.* In *Pearson v. Callahan*, however, the Court receded from the strict mandate set forth in *Saucier* and held that "[t]he judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236. "Ultimately, a state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

"[P]laintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense." *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177-78 (5th Cir. 1990). Accordingly, the Fifth Circuit imposes "a heightened pleading obligation, requiring the plaintiff in the complaint to state specific facts sufficient to overcome the qualified immunity defense." *Id.* "Allowing broadly-worded complaints . . . which leave to traditional pretrial depositions, interrogatories, and

requests for admission the development of the real facts underlying the claim, effectively eviscerates important functions and protections of official immunity." *Id.* (quoting *Elliott v. Perez*, 751 F.2d 1472, 1476 (5th Cir. 1985)). The plaintiff must therefore "shoulder the burden of pleading a prima facie case, including the obligation of alleging detailed facts supporting the contention that the plea of immunity cannot be sustained." *Id.* (quoting *Lynch v. Cannatella*, 810 F.2d 1363, 1376 (5th Cir. 1987)). "Once a complaint against an official . . . adequately raises the likely issue of immunity . . . the district court should on its own require of the plaintiff a detailed complaint alleging with particularity all material facts on which he contends he will establish his right to recovery. . . ." *Id.* (quoting *Elliott*, 751 F.2d at 1482).

In his response to the defendants' motion, the plaintiff states that his "claims for Constitutional violations at the Defendants' hands stem primarily from his denial of medical treatment." He directs the claim for denial of medical treatment against both Ross and Langdon. He also argues that defendant Ross should not be dismissed because Ross showed reckless disregard for the plaintiff's safety in his "causing of the subject accident." The plaintiff appears to have abandoned his claim that the defendants failed to properly hire, monitor, train, and supervise the law enforcement officials involved in the facts giving rise to this case, as he does not address this claim in his response to the present motion. "A party who inadequately briefs an issue is considered to have abandoned the claim." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

It is well-settled that the Eighth Amendment's protection against "cruel and unusual punishments" includes the right of prisoners to receive adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[I]nadequate medical care by a prison official or doctor

can result in a constitutional violation for purposes of a § 1983 claim when the official or doctor's conduct amounts to 'deliberate indifference to [the prisoner's] serious medical needs, constituting the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" *Phillips v. Monroe County, Miss.*, 143 F. Supp. 2d 663, 667 (N.D. Miss. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Stewart v. Murphy*, 174 F.3d 530, 533-34 (5th Cir. 1999)). In defining the deliberate indifference standard, the Supreme Court explained in *Farmer* that a prison official is not liable unless he is aware of and ignores "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. While inadequate medical treatment may at times rise to the level of deliberate indifference, negligent care does not. *Stewart*, 174 F.3d at 533. "Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Id.* Further, a prisoner's disagreement with his medical treatment is not actionable under Section 1983 unless exceptional circumstances are involved (and none have been asserted here). *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

      While the plaintiff herein has alleged a constitutional right that was clearly established at the time of the events giving rise to this lawsuit, he has not alleged a *violation* of that right in accordance with the heightened pleading standard required by the Fifth Circuit in the qualified immunity context. He asserts that he was injured in a vehicular accident and suffered two herniated discs in his neck. It is uncontested that he received appropriate medical treatment for his injuries at Greenwood Leflore Hospital. The plaintiff has failed to allege with any specificity why further treatment was necessary, to whom and in what manner he requested further treatment, whether any medical professional actually suggested further treatment, whether he or

9

a medical professional made it known to one of the defendants named herein that the plaintiff required further treatment, whether further treatment was actually denied or simply delayed, or even what injuries he allegedly suffered as a result of the alleged denial of further treatment. The plaintiff has instead presented the type of "broadly-worded complaint" that, according to the Fifth Circuit, should not survive qualified immunity analysis. *Elliott*, 751 F.2d at 1476.

As to the plaintiff's claim against Ross for allegedly causing the accident which injured the plaintiff, the claim on its face is at best based in negligence despite the plaintiff's assertions that Ross acted with deliberate indifference. Negligence and even gross negligence do not violate the Eighth Amendment and are not cognizable in a Section 1983 case. *Hernandez v. Tex. Dep't of Protective & Regulatory Services*, 380 F.3d 872, 882 (5th Cir. 2004). The plaintiff must instead show that the defendant "both knew of and disregarded an excessive risk" to the plaintiff's health or safety. *Austin v. Johnson*, 328 F.3d 204, 210 (5th Cir. 2003). If defendant Ross did in fact know of and disregard an excessive risk in this regard, the plaintiff has again failed to plead those facts with the specificity required to defeat a qualified immunity defense.

To allow the case *sub judice* to go forward based on such vague and broad allegations as presented in the plaintiff's complaint would require the court to ignore the most basic underlying purposes of the qualified immunity defense. "The protection afforded by the defense is an immunity from suit, not simply immunity from liability." *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994). Qualified immunity jurisprudence is concerned not only with limiting public officials to liability for money damages but also limiting "the general costs of subjecting officials to the risks of trial – distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Mitchell v. Forsyth*,

472 U.S. 511, 526 (1985). These concerns are why, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery" and why "plaintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense." *Id.* at 526; *Nieto*, 894 F.2d at 177-78. The plaintiff herein has fallen far short of these requirements and has instead done precisely what the Fifth Circuit cautioned against in *Elliott* – he has presented a "broadly-worded complaint" and in doing so would "effectively eviscerate[] important functions and protections of official immunity" if this court were to allow him to proceed. *Elliott*, 751 F.2d at 1476.

Further, assuming *arguendo* the court were to find a violation of a clearly established constitutional right in this case, the plaintiff has failed to allege sufficient facts to show that the defendants' actions were not "objectively reasonable" under the circumstances. The plaintiff is required to allege facts which demonstrate that no reasonable officer could have believed his actions were proper had he taken the same actions as the defendants. *Babb*, 33 F.3d at 477. "If officers of reasonable competence could disagree on the issue, immunity should be recognized." *Malley*, 475 U.S. at 341. The plaintiff's failure to plead sufficient facts showing objective unreasonableness would require dismissal of his claims even if he could survive the initial qualified immunity analysis set forth above.

The court reiterates that at this stage, having determined that the state actors are entitled to Eleventh Amendment immunity, the court examines the remaining claims only as they apply to the individual defendants and through the lens of the qualified immunity defense asserted. The plaintiff vaguely alleges that his right to due process and equal protection have been

11

violated, but these allegations are wholly conclusory and supported by no factual basis in the complaint. It is axiomatic that "conclusory allegations or unwarranted deductions of fact" fail to state a claim upon which relief can be granted. *Kane Enterprises v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). Accordingly, these claims should be dismissed.

Finally, the plaintiff's claims for negligent and intentional infliction of emotional distress should be dismissed as the plaintiff appears to have abandoned them. The claims are not mentioned in the plaintiff's responsive brief. "A party who inadequately briefs an issue is considered to have abandoned the claim." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

Conclusion

For the foregoing reasons, the court finds that the plaintiff has failed to state a claim upon which relief can be granted and has failed to show why the defendants are not entitled to sovereign immunity and qualified immunity. The defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) are well taken and should be granted. The claims against the individual defendants will be dismissed with prejudice. The claims against the state defendants will be dismissed without prejudice.[2] A separate order in accord with this opinion shall issue this day.

This, the 24th day of September, 2015.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[2] "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos County, Tex.*, 878 F.3d. 341, 343 (5th Cir. 1996).